IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

ISAAC FRANKEL,                          )
                                        )
              Plaintiff,                )       TC-MD 120158C
                                        )
       v.                               )
                                        )
MULTNOMAH COUNTY ASSESSOR,              )
                                        )
              Defendant.                )       **DECISION**

## I.  INTRODUCTION

Plaintiff appealed the real market value (RMV) for the 2009-10 and 2010-11 tax years of

a condominium unit identified in Defendant's records as Account R563574 (subject property)

and otherwise known as 710 Northwest Naito Parkway, Unit C5.  Trial in the matter was

scheduled to be held by telephone October 18, 2012.  Plaintiff, owner of the subject property,

appeared for trial on his own behalf.  Defendant was represented by Barry Dayton, Oregon

Registered Appraiser, and Jeff Brown, a supervising appraiser with the Multnomah County

Assessor's office.

## II.  ANALYSIS

Prior to the actual commencement of trial and the swearing of witnesses, the court

advised the parties of the documentary evidence it had received.  Defendant's representatives

advised the court that they had not received the exhibits Plaintiff submitted to the court.  Plaintiff

responded by stating that he had gone into the Assessor's office "about six weeks ago" and given

one of Defendant's representatives "the same materials" he sent in to the court.  The court spent

a few moments exploring that contention with the parties and discovered that the exhibits

Plaintiff submitted to Defendant are not marked and are not in the same order or format as those

given to the court. It also appeared that Plaintiff had not given Defendant all the exhibits he gave to the court.

The exhibits Plaintiff gave to Defendant are not properly organized and marked according to the requirements of Tax Court Rule-Magistrate Division (TCR-MD) 10 B and TCR-MD 10 B(1), which state:

> "*B Exhibit Labels.* Each document, report, or other paper is a separate exhibit. The *parties **shall** have the responsibility of organizing and marking* their exhibits. The *pages of the each exhibit shall be numbered.* Each exhibit shall be identified by a label marked as follows:
>
> "*B(1) Plaintiff's exhibits **shall** be marked numerically* and have the case number on the label."

(Emphasis added.)

Likewise, Plaintiff's exhibits submitted to the court do not conform to TCR-MD 10 B. They are marked alphabetically rather than numerically, and the pages within each exhibit are not numbered.

In contrast, Defendant's exhibits are marked in accordance with TCR-MD 10 B. They are properly organized and marked alphabetically as required by TCR-MD 10 (B)2. Each page within each exhibit is individually numbered.

The court excluded Plaintiff's exhibits because they do not comply with the court's rules governing the marking of exhibits.

Under ORS 305.427, Plaintiff had the burden of proof because he was the party seeking affirmative relief.[1] The applicable burden of proof is "a preponderance of the evidence." ORS 305.427. This court has previously ruled that "[p]reponderance of the evidence means the

/ / /

---

[1] All references to the Oregon Revised Statutes (ORS) are to 2011.

greater weight of evidence, the more convincing evidence." *Feves v. Dept. of Rev.*, 4 OTR 302, 312 (1971) (citation omitted). If the taxpayer bearing the burden of proof fails to sustain that burden, the court's final order will sustain the value on the tax roll. *Cf. Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990).

With the exhibits excluded, Plaintiff indicated that he was unable to present his case unless he could rely on Defendant's exhibits. The court noted that those exhibits had not yet been introduced into evidence and Defendant had no responsibility to do so.

The court noted that Defendant's RMV conclusion for the subject property for the 2009-10 tax year was considerably below the RMV currently on the assessment and tax rolls. Dayton concluded the value was $225,000 versus a roll value of $293,440. (Def's Ex A at 11, 3; Ptf's Compl at 3.)[2] Defendant agreed to stipulate to that value for that tax year because Plaintiff satisfied the requirement under ORS 305.275(1)(a) that the person appealing to the Magistrate Division of the Oregon Tax Court be "aggrieved." Namely, the amount of the value reduction exceeded the 20 percent statutory threshold provided in ORS 305.288(1)(b), and the reduction would generate tax savings for the 2009-10 tax year. Plaintiff accepted the recommended value reduction to that condominium unit for that tax year.

### III. CONCLUSION

The court concludes that Plaintiff's appeal should be granted in part because the parties agreed to a reduction in the RMV of the subject property, identified in the assessor's records as account R563574, for the 2009-10 tax year. The court further concludes that Plaintiff's appeal for the 2010-11 tax year is denied because Plaintiff failed to comply with the court rules

/ / /

---

[2] Defendant's exhibit was never offered into evidence and is referenced only to illustrate the basis of the parties' agreement.

applicable to the marking of exhibits and the exhibits were therefore excluded, as explained above. Now, therefore,

IT IS THE DECISION OF THIS COURT that the real market value of the subject property for the 2009-10 tax year is reduced from $293,440 to $225,000;

IT IS FURTHER DECIDED that Plaintiff's appeal for the 2010-11 tax year is denied and the real market value of the subject property for that tax year shall remain undisturbed at $229,040.

Dated this ____ day of October 2012.

_____
DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on October 24, 2012. The Court filed and entered this document on October 24, 2012.*